(No. 40706.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LEO LAGARDO, Appellant.

*Opinion filed May 29, 1968.*

WARD, J., took no part.

DENNIS J. HORAN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, ELMER C. KISSANE and MORTON FRIEDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Leo Lagardo, was tried by jury in the circuit court of Cook County and convicted of the crime of armed robbery, for which he was sentenced to the penitentiary for a term of not less than 10 nor more than 20 years. On appeal to the Appellate Court for the First District, the judgment of conviction was affirmed. (*People* v. *Lagardo,* 82 Ill. App. 2d 130.) We granted leave to appeal.

The sole issue is whether the trial court erred in permitting a police officer to testify as to an admission made by the defendant after the defendant had been indicted and at a time when his attorney was not present. The defendant was indicted on January 11, 1963, and was arraigned on January 18, 1963, at which time he was represented by counsel. He apparently jumped his bond in May and was returned to court in October when the cause was

reinstated and defendant was again arraigned, at which time he was represented by different counsel. Eleven days after the second arraignment three police officers questioned the defendant at the county jail. The defendant's counsel was not present and the officers did not inform counsel that they were going to interrogate the defendant. One of the officers testified that they were not interested in the crime for which defendant had been indicted, but were questioning him on other matters. The officers asked defendant the nature of the charge under which he was confined, and he said that he was in jail on an armed robbery and burglary charge but that he wasn't too worried about the armed robbery because "the two fellows upstairs caught the finger and he was outside waiting." The officer was permitted to testify to this admission and this ruling by the trial court is the basis for the present appeal.

In our opinion the decision of this issue is controlled by *Massiah v. United States,* 377 U.S. 201, 12 L. Ed. 2d 246, 84 S. Ct. 1199. There has been some difference of opinion by the courts of this country as to whether the *Massiah* doctrine operates to exclude only incriminating post-indictment statements which are induced or deliberately elicited by police officers in the absence of counsel. However, we have interpreted *Massiah* to exclude all post-indictment incriminating statements obtained in the absence of counsel, even when not deliberately elicited by interrogation or induced by misapprehension engendered by trickery or deception. (*People v. Milani,* 39 Ill.2d 22, 27; see *Mathis v. United States,* 36 L.W. 4379.) The incriminating statement here was the direct product of the post-indictment questioning and, while perhaps not directly responsive thereto, may not fairly be classified as volunteered. Defendant's counsel was not present and he had not knowingly waived his right to the presence of counsel. The statement was improperly admitted in evidence.

The judgment of the Appellate Court, First District,

is reversed, and the cause is remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.